UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 08-11824-DHW
                                                   Chapter 13
JOHNNY M. VANN
BOBBIE J. VANN,

    Debtors.

DAVIS OIL COMPANY, INC.,

    Plaintiff,
v.                                                 Adv. Proc. No. 09-1019-DHW

JOHNNY M. VANN
BOBBIE J. VANN,

    Defendants.

MEMORANDUM OPINION

    Davis Oil Company, Inc. ("Davis Oil") commenced this adversary proceeding to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2). The debtors filed a motion to dismiss the complaint, contending that it is barred by the doctrine of judicial estoppel.

    The complaint alleges that Davis Oil entered into a contract with the debtors to install gasoline tanks and to supply gasoline and diesel fuel to Vann's Grocery. On October 9, 2008, Davis Oil obtained a prepetition state court judgment against the debtors in the amount of $24,756.02 arising from default of their obligations under the contract.

    The debtors filed a petition under chapter 13 on October 31, 2008, and Davis Oil filed the instant adversary proceeding to determine the dischargeability of the state court judgment under 11 U.S.C. § 523(a)(2).

The complaint alleges that the debtors fraudulently induced Davis Oil to enter the contract.

The debtors filed the instant motion to dismiss. The debtors assert that Davis Oil did not allege fraud in the state court action and that the state court judgment was predicated not on fraud but on breach of contract. The debtors contend that because Davis Oil did not assert fraud in the state court action, it is now barred from doing so under the doctrine of judicial estoppel:

> Davis Oil has sought and recovered a judgment in the Circuit Court of Houston County *based solely on simple contract* without any allegations of fraud, false pretense or other grounds that would justify a Section 523 dischargeability complaint.

Motion to Dismiss, Doc. #8, p. 3.

Judicial estoppel is an equitable doctrine invoked at a court's discretion. *New Hampshire v. Maine*, 532 U. S. 742, 750, 121 S. Ct. 1808, 1815, 149 L. Ed. 2d 968 (2001). Its purpose "is to protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire*, 532 U.S. at 749-50, 121 S. Ct. at 1814 (citations omitted). "Judicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983) (citation omitted).[1]

---

[1] Although not an exhaustive list, the Supreme Court has enumerated factors that courts should consider in deciding whether the doctrine of judicial estoppel should be invoked. They include: 1) whether the position espoused in the present case is "clearly inconsistent" with the position previously taken; 2) whether the tribunal was persuaded to accept the earlier position so that acceptance of the inconsistent position in the later proceeding creates a perception that the court was misled; and 3) whether the party advancing the position would gain an unfair advantage over the opposing party. *New*

Courts in the Eleventh Circuit are instructed to apply a two-factor test to determine the applicability of the doctrine of judicial estoppel in a particular case. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).

The doctrine "applies in situations involving intentional contradictions, not simple error or inadvertence." Id. at 1286. The doctrine does not apply when the prior position was taken because of "a good faith mistake rather than as a part of a scheme to mislead the court." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F. 3d 355, 362 (3rd Cir. 1996).

In the instant case, the debtors have not alleged that Davis Oil took an "inconsistent position" "under oath" in the "prior proceeding." Davis Oil simply did not, for whatever reason,[2] include a fraud count in its state court complaint. The absence of that count hardly qualifies as a position under oath.

In addition, the dischargeability claim is not inconsistent with a prior position taken by Davis Oil in state court. Davis Oil took no position in state court relative to the fraud *vel non* of the debtors. The state court complaint and judgment contain no mention of fraud. Therefore, the state court was not persuaded to accept any position of Davis Oil with reference to any alleged fraud of the debtors.

The doctrine of judicial estoppel, as stated above, is designed to protect the integrity of the judicial process, to prevent courts from being misled, to prevent parties from making a mockery of justice. The assertion by Davis Oil of the dischargeability claim in the bankruptcy court does not

---

*Hampshire*, 532 U.S. at 750-51, 121 S. Ct. at 1815.

[2] Davis Oil allegedly did not discover the grounds for a fraud claim until the bankruptcy case was filed.

offend these policies. The court concludes that the doctrine of judicial estoppel does not bar the dischargeability claim under 11 U.S.C. § 523(a)(2).[3]

The debtors are essentially arguing that Davis Oil is precluded from asserting a fraud-based dischargeability claim because fraud was not alleged in the state court action. These facts appear to be more aligned with the doctrine of *res judicata* than the doctrine of judicial estoppel.

To establish the doctrine of *res judicata*, one must prove the following elements:

> (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

*Florida Dep't of Revenue v. Omine (In re Omine)*, 485 F.3d 1305, 1311-12 (11th Cir. 2007) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1906 (11th Cir. 2001). *Res judicata* "bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *Id.* at 1312.

Davis Oil is asserting a dischargeability claim in the bankruptcy court.[4] The bankruptcy court has exclusive jurisdiction of dischargeability claims under 11 U.S.C. § 523(c). Therefore, the dischargeability claim could not have been raised in the prepetition state court action; the state

---

[3] The court respectfully disagrees with the case cited by the debtors, *Mitchell v. Iverson (In re Mitchell)*, 2007 Bankr. LEXIS 1575 (Bankr. S.D. April 30, 2007).

[4] The debtor is not asserting a fraud claim in the bankruptcy court or seeking new or additional damages predicated on fraud. The debtor is merely seeking to determine whether the prior judgment is nondischargeable due to fraud under 11 U.S.C. § 523(a)(2).

court would not have had competent jurisdiction. *See Brown v. Felsen*, 442 U.S. 127, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979); *Oregon State Bar Assoc. v. Kelley (In re Kelley)*, 360 B.R. 753, 757 (Bankr. N.D. Ohio 2006); *Charell v. Gonzalez, (In re Gonzalez)*, 241 B.R. 67, 72 (S.D.N.Y. 1999). Therefore, the claim of Davis Oil is not barred by the doctrine of *res judicata*.

Conclusion

For the reasons stated above, the court concludes that the claim of Davis Oil under 11 U.S.C. § 523(a)(2) is not barred by the doctrines of judicial estoppel and *res judicata*.

Done this 11th day of May, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Court

c: Derek E. Yarbrough, Attorney for Davis Oil
J. Kaz Espy, Attorney for Debtors